## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JETS R US LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| CORPORATE JET GROUP, INC., | ) | |
| CHICAGO JET GROUP LLC, JEFF | ) | **Removed from Superior Court** |
| STROMATT, and MICHAEL J. MITERA, | ) | **of Gwinnett County, Civil** |
| JR., jointly and severally, | ) | **Action File No. 12-03251-10** |
| | ) | |
| Defendants, | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Corporate Jet Group, Inc., files its Notice of Removal to this Court of an action pending against it in the Superior Court of Gwinnett County, Georgia. Removal is based on the following grounds:

1.    This action was commenced against Corporate Jet Group and others in the Superior Court of Gwinnett County, Georgia, by a Complaint filed on April 13, 2012.

2.    A copy of the Complaint (<u>Ex</u>. A) was served on Corporate Jet Group on April 16, 2012. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3.    The remaining Defendants, Chicago Jet Group LLC, Jeff Stromatt, and Michael J. Mitera, Jr., have not been served with the Complaint.

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

4.    Removal is proper because Plaintiff's Complaint arises under federal law, raises a substantial federal question, and is preempted by Federal Aviation Regulations.

## Plaintiff's Complaint

5.    Plaintiff seeks to recover damages relative to alleged violations of Georgia's RICO Act (O.C.G.A. § 16-14-1 *et seq.*), alleged violations of the Federal Aviation Regulations, and alleged improper or insufficient maintenance and inspections performed by Defendants on Plaintiff's Lear Jet 35 aircraft. Its Complaint includes counts for Georgia RICO, breach of contract, fraud, negligent misrepresentation, and negligence.

6.    Plaintiff contends that the Federal Aviation Regulations impose stringent requirements on FAA-certified repair stations, and require that inspections and maintenance be done in accord with "strict FAA schedules and requirements." (Ex. A, ¶¶ 8, 9). Plaintiff further contends that Defendants violated the Federal Aviation Regulations governing certification of repair stations, violated the Federal Aviation Regulations with regard to on-site equipment, failed to properly perform FAA-mandated conformity inspections and maintenance, engaged unqualified personnel in the work, and improperly "signed off" on maintenance records. (Ex. A, ¶¶ 12-17, 38, 57, 67, 71, 77, 78, 83, 89, 98, 103, and 104). These allegations are

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

2

the basis for Plaintiff's claims for breach of contract, fraud, negligent misrepresentation and negligence.

7.    Plaintiff's RICO claim is premised solely on alleged violations of the Federal Aviation Regulations and federal criminal statutes pertaining to racketeering and wire and mail fraud. (Ex. A, ¶¶ 38-41). More specifically, Plaintiff alleges that Defendants committed predicate acts of misrepresenting Corporate Jet as an FAA-certified repair station and transferring equipment from one entity to another to feign compliance with Federal Aviation Regulations (Ex. A, ¶ 38); using interstate commerce to transfer the equipment (Ex. A, ¶ 39); and using the mail and wire systems to communicate and transfer proceeds (Ex. A, ¶¶ 39, 46, 47, 65). Plaintiff also alleges that these activities are violations of federal racketeering laws under 18 U.S.C. Section 1961(1)(A), (B), (C), and (D) (Ex. A, ¶¶ 40-41), and that these activities impact interstate and foreign commerce. (Ex. A, ¶¶43-44, 48, 63).

## Basis for Removal

8.    Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

3

such action is pending." Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

## Federal Question Jurisdiction

9. Whether federal question jurisdiction exists under § 1441 is governed by the "well-pleaded complaint rule," which states that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. Plaintiff's Complaint squarely presents a federal claim—it seeks damages for alleged violations of federal criminal law. Specifically, Plaintiff contends that it is entitled to damages under Georgia's RICO Act because Defendants violated O.C.G.A. § 16-14-3(9)(A)(xxix) by committing wire fraud and mail fraud; this provision of Georgia's RICO Act defines "racketeering" as a violation of "Any conduct defined as 'racketeering activity' under 18 U.S.C. Section 1961(1)(A), (B), (C), and (D)." Thus, a federal question is presented on the face of Plaintiff's Complaint, and this Court's jurisdiction is proper.

11. Likewise, Plaintiff's other substantive counts seek damages for Defendants' alleged violations of Federal Aviation

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

Regulations. These, too, present a federal claim on the face of Plaintiff's Complaint, and endow the federal district court with proper jurisdiction.

### Substantial Question of Federal Law Jurisdiction

12. Even if Plaintiff's claims are determined to be state law claims that do not arise under federal law, the federal district court has jurisdiction because Plaintiff's claims implicate significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312 (2005).

13. Plaintiff's claims, even if properly brought under state law, require Plaintiff to prove as essential elements that Defendants violated federal racketeering and wire and mail fraud statutes and Federal Aviation Regulations. Removal of such a claim is proper. *Ayres v. General Motors Corp.,* 234 F.3d 514 (11th Cir. 2000).

14. Plaintiff alleges that it is entitled to recovery under the Georgia RICO Act (O.C.G.A. § 16-14-1 *et seq.*) for Defendants' alleged violations of federal law by utilizing federal interstate mail and wire systems in carrying out the alleged scheme to feign compliance with Federal Aviation Regulations. Plaintiff's remaining counts are similarly premised on alleged violations of federal law with respect to Federal

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

Aviation Regulations. As such, Plaintiff's claim is one that "arise[s] under the constitution, laws, or treaties of the United States," and is properly removed to the federal district court.

15. *Ayres* is directly on point and illustrates the propriety of removal here. The *Ayres* plaintiffs, suing over a defective automobile part, alleged violations of the federal mail and wire fraud statutes as predicate acts for the Georgia RICO Act. *Id.* at 518-19. The Eleventh Circuit found removal proper because "a violation of the federal mail and wire fraud statutes is an essential element of the plaintiffs' cause of action, the proof of which involves resolution of a substantial, disputed question of federal law." *Id.* at 518. Such situations, the court stated, "fall squarely" within those Supreme Court cases that have found federal question jurisdiction "where a plaintiff's cause of action has as an essential element the existence of a right under federal law which will be supported by a construction of the federal law concluding that the federal crime is established, but defeated by another construction concluding the opposite." *Id.* at 519.

16. As in *Ayres*, Plaintiff must prove that Defendants violated federal mail fraud and wire fraud laws in order to prevail on its Georgia RICO Act claim. Moreover, as in *Ayres*

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

6

(which dealt with mail and wire fraud in the context of the National Traffic and Motor Vehicle Safety Act), there are actually two layers of federal law involved here, as the court will be called upon to interpret and determine the effect of both Federal Aviation Regulations and the federal criminal statutes, and also to interpret and determine the effect of their interplay. (*See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 3102 (11th Cir. 2008) (noting that "the need to construe independent bodies of federal law and to determine the legal effect of the interaction of those two bodies of federal law made the federal question in *Ayres* far more substantial…"). Finally, as in *Ayres*, the court's construction of these statutes and regulations will be outcome determinative of Plaintiff's claim.

17.   Thus, Plaintiff's claim presents a substantial federal question that confers jurisdiction on the district court, making removal proper.

## Complete Preemption

18.   The "Complete preemption" doctrine is a corollary to the well-pleaded complaint rule. *Caterpillar* at 386. "According to the Supreme Court, complete preemption occurs when 'the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

7

a federal claim for purposes of the well-pleaded complaint rule.'" *Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (*quoting Caterpillar* at 393). Such completely preempted claims give rise to federal jurisdiction and can be removed. *Id.* The "touchstone" of the complete preemption doctrine is whether Congress intended that the statute at issue not only provide a federal defense to a state claim, but also to grant a defendant the ability to remove a lawsuit to a federal court by transforming a state claim into a federal claim. *Id.*

19. Where Congress entrusts an agency to promulgate regulations pursuant to a statute, courts must consider "whether the regulations evidence a desire to occupy a field completely." *R.J. Reynolds Tobacco Co. v. Durham County, North Carolina*, 479 U.S. 130, 149 (1986).

20. The Federal Aviation Regulations so occupy the field of repair station certification and aircraft maintenance and inspection that Plaintiff's claim is necessarily one brought under federal law.

21. Plaintiff claims that Corporate Jet Group was not a properly certified repair station under the Federal Aviation Regulations. FAA certification of repair stations is governed exclusively and pervasively by 14 C.F.R. §§ 145 *et seq.* The

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

State of Georgia does not certify repair stations, and Plaintiff makes no claim that Georgia law is applicable in any way to the FAA's certification of repair stations.

22.   Part 145 of the Federal Aviation Regulations imposes rules and requirements with respect to all of Plaintiff's claims. As to Plaintiff's claim that Corporate Jet Group was not properly certified by the FAA, §§ 145.51-145.61 govern exclusively. As to Plaintiff's claim that Corporate Jet Group was not properly equipped as a certified repair station, §§ 145.101-145.109 and §§ 145.201-145.223 govern exclusively. As to Plaintiff's claim that Defendants' personnel were not qualified to perform the maintenance and inspections at hand, §§ 145.151-145.165 govern in conjunction with Federal Aviation Regulations pertaining to the certification of mechanics (14 C.F.R. §§ 65.71-65.95) and the certification of repairmen (14 C.F.R. §§ 65.101-65.107). As to Plaintiff's claim that Defendants did not keep proper records or improperly signed off on maintenance and inspection, § 145.219 and §§ 135.411-135.443 govern exclusively.

23.   This pervasive regulation and certification process is indicative of Congress' intent that federal law occupy the field of repair station certification and their operations to the exclusion of state law.

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

24. Plaintiff may point to *Public Health Trust of Dade County, Florida v. Lake Aircraft, Inc.* (992 F.2d 291 (11th Cir. 1993)) to argue that the Eleventh Circuit has determined that the Federal Aviation Regulations do not preempt state law claims. In all likelihood, given Supreme Court decisions since (*e.g., Geier v. Am. Honda Motor Co.,* 529 U.S. 861, 869 (2000) and the decisions of other circuits (*e.g., Montalvo v. Spirit Airlines,* 508 F.3d 464 (9th Cir. 2007)), the Eleventh Circuit would look at this issue differently today. Indeed, in *Hughes v. Attorney General of Florida* (377 F.3d 1258 (11th Cir. 2004)), the Eleventh Circuit took a less sweeping approach, looking at the specific Federal Aviation Regulations governing pilot intoxication to determine whether they left room for state law action; because the regulations governing pilot intoxication explicitly contemplated the applicability of state law, they were not preemptive. *Id.* at 1271.

25. Nevertheless, *Public Health Trust* does not mandate remand here because Plaintiff's claim is different. *Public Health Trust* involved state law negligence and strict product liability claims pertaining to an aircraft seat that the plaintiff contended should have had energy absorbing features; the Federal Aviation Regulations recognized such seats as optional for purposes of airworthiness, and the defendants

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

10

contended that the federal design standards preempted the claims. In the present case, the Federal Aviation Regulations at issue leave no room for the discretion that might be available (and thus actionable) to manufacturers.

26. The certification of repair stations and their personnel is something that can only be done by the FAA; there is no room for states to impose their own standards, and the Federal Aviation Regulations do not contemplate states playing a role in FAA certification. Likewise, requirements pertaining to "signing off" on completed work (Ex. A, ¶¶ 12-13), the determination of "airworthiness" (Ex. A, ¶ 11), and the performance of an "FAR 135 Conformity Inspection" (Ex. A, ¶ 10) are governed minutely and exclusively by federal law.

27. With these Federal Aviation Regulations, Congress has indicated its intent that federal law govern the certification and operations of certified repair stations exclusively. This entire field being completely preempted, removal is proper.

WHEREFORE, Defendant, Corporate Jet Group, Inc., respectfully requests that this action be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

11

Submitted this ___ day of May, 2012

                         Respectfully submitted,

                         Corporate Jet Group, Inc.

                         By: *s/ Allison E. Maloney*
                              EDWARD C. BRESEE, JR.
                              Georgia Bar No. 004820
                              mbresee@mfllaw.com
                              ALLISON E. MALONEY
                              Georgia Bar No. 606031
                              Amaloney@mfllaw.com

                         Attorneys for Defendants

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342
T: (404) 256-0700
F: (404) 250-9355


     -and-

Alan L. Farkas (subject to admission *pro hac vice*)
afarkas@salawus.com
Michael S. McGrory (subject to admission *pro hac vice*)
mmcgrory@salawus.com
SMITHAMUNDSEN AEROSPACE
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
T: (312) 894-3200
F: (312) 894-3210

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JETS R US LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| CORPORATE JET GROUP, INC., | ) | |
| CHICAGO JET GROUP LLC, JEFF | ) | **Removed from Superior Court** |
| STROMATT, and MICHAEL J. | ) | **of Gwinnett County, Civil** |
| MITERA, JR., jointly and | ) | **Action File No. 12-03251-10** |
| severally, | ) | |
| | ) | |
|     Defendants, | | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of May, 2012, I mailed a copy to and filed the within and foregoing **"NOTICE OF REMOVAL"** with the Clerk of Court using CM/ECF system which system will automatically send email notification of such filing to the following attorney(s) of record:

> Yasha Heidari
> Heidari Power Law Group LLC
> P.O. Box 79217
> Atlanta, Georgia 30357


> MOZLEY, FINLAYSON & LOGGINS LLP
> **/s/Allison E. Maloney**
> ALLISON ESCOTT MALONEY
> Georgia State Bar No. 606031
> Email: amaloney@mfllaw.com

Mozley, Finlayson
& Loggins LLP
A Limited Liability Partnership
One Premier Plaza
Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

13