IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JETS R US LLC,

               Plaintiff,

    v.

CORPORATE JET
GROUP, INC. et al.,

               Defendant.

                            **1:12-cv-1694-WSD**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [9].

## I.   BACKGROUND

A.   Procedural History

On April 13, 2012, Plaintiff Jets R Us LLC ("Plaintiff") initiated this action in the Superior Court of Gwinnett County, Georgia.  On May 15, 2012, Defendant Corporate Jet Group, Inc. ("Corporate Jet") removed the action to this Court.  In its Notice of Removal, Corporate Jet contends that the Court has subject matter jurisdiction over the action because Plaintiff's Complaint on its face asserts federal claims, asserts claims that implicate significant federal issues, and asserts claims that are completely preempted by federal law.  On June 20, 2012, Defendants Chicago Jet Group LLC ("Chicago Jet") and Jeff Stromatt ("Stromatt") filed

notices consenting to removal.  On June 14, 2012, Plaintiff filed its Motion to

Remand on the basis that its Complaint does not present a federal question and that

the Court thus lacks federal subject matter jurisdiction.  On June 28, 2012,

Corporate Jet filed its opposition [15] to the Motion to Remand.[1]

  B. <u>Plaintiff's Complaint</u>

  Plaintiff alleges that it owns aircraft that must be "routinely inspected" and

receive "preventative maintenance" pursuant to Federal Aviation Administration

("FAA") requirements.  (<u>See</u> Compl. [1-1] ¶ 9.)  Whether an aircraft receives these

inspections and maintenance from an FAA-certified repair station or from a non-

certified mechanic "has a significant impact on the value of the aircraft."  (<u>See</u> <u>id.</u>)

  Plaintiff alleges that Defendants represented that they operated an FAA-

certified repair station, and, on the basis of this representation, Plaintiff took one of

its aircraft to Defendants for service.  (<u>See</u> <u>id.</u> ¶ 10.)  Plaintiff further alleges that

Defendants did not, in fact, have an FAA certification and that Defendants moved

equipment between their various locations to feign the appearance that its facility

in Georgia was FAA certified.  (<u>See</u> <u>id.</u> ¶¶ 10, 15–16, 22.)  Plaintiff asserts that its

---

[1] Chicago Jet and Stromatt, who are represented by the same attorneys representing
Corporate Jet, did not respond to the Motion to Remand, and under Rule 7.1(B) of
this Court's Local Civil Rules, the motion is deemed unopposed by those
Defendants.  The Court notes further that Defendant Michael J. Mitera, Jr. was
never served with process.

aircraft was not properly serviced by Defendants and that Defendants damaged the aircraft.  (See id. ¶¶ 18–19, 25–26.)

Plaintiff's Complaint asserts ten (10) claims under Georgia law: Alter Ego Liability of Corporate Jet and Chicago Jet (Count I); violations of the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO") (Count II); Breach of Contract (Count III); Inceptive Fraud/Fraud in the Inducement (Count IV); Fraud (Count V); Money Had and Received (Count VI); Negligent Misrepresentation (Count VII); Negligence (Count VIII); Punitive Damages (Count IX); and Attorneys' Fees and Expenses (Count X).  In alleging its Georgia RICO claim, Plaintiff alleges several predicate acts, including "misrepresenting the status, qualifications, and certification of [Defendants'] operating facilities, misrepresenting and fraudulently claiming work was done when it in fact was not done, [and] extorting payment by refusing to furnish records and documents necessary to operate an aircraft," in violation of Georgia's bribery and theft statutes and the federal mail and wire fraud statutes.  (See id. ¶¶ 65, 71.)

## II.    DISCUSSION

### A.    Legal Standard

Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant" to federal court.  28 U.S.C. § 1441(a) (2006).  Where removal is

challenged, the removing party has the burden to show removal is proper, or the

case must be remanded to the state court.  Williams v. Best Buy Co., 269 F.3d

1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Once a case is

removed, "[i]f at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c)

(2006).

      B.    <u>Analysis</u>

Corporate Jet contends that removal of this action was proper because the

Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  See 28

U.S.C. § 1331 (2006) ("The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States.")

Whether a claim "arises under" federal law "is governed by the 'well-pleaded

complaint rule,' which provides that § 1331 jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."

Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  The plaintiff is "the

master of the claim," and he may avoid federal jurisdiction by relying exclusively

on state law, even where a federal claim is also available.  Id. (quoting Caterpillar,

482 U.S. at 392).  Even when a plaintiff has pleaded only state-law causes of

action, he may not avoid federal jurisdiction if either "(1) his state-law claims raise

substantial questions of federal law or (2) federal law completely preempts his

state-law claims."  Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation

Trust, 463 U.S. 1, 13 (1983)).

Plaintiff here asserts only state law causes of action in its Complaint.[2]  For

the Court to have federal question jurisdiction, Plaintiff's claims must either raise a

"substantial federal question" or be "completely preempted" by federal law.  See

id. at 1291.  Corporate Jet argues that the Complaint does both.

1.   *Substantial Federal Question*

"[T]he mere presence of a federal issue in a state cause of action does not

automatically confer federal-question jurisdiction."  Id. at 1290 (quoting Mobil Oil

Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)) (alteration in

original).  Jurisdiction depends on whether a "state-law claim necessarily raise[s] a

stated federal issue, actually disputed and substantial, which a federal forum may

entertain without disturbing any congressionally approved balance of federal and

---

[2] From a review of the claims in Plaintiff's Complaint, the Court finds none of
them on their face assert federal claims as Corporate Jet contends.

state judicial responsibilities." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).  To be "substantial," the federal issue must be "an essential element" of the plaintiff's claim, and "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Dunlap, 381 F.3d at 1290.

Although Plaintiff's Complaint here includes allegations that Defendants' actions violated FAA regulations and that Defendants committed federal mail and wire fraud, there is no indication that the interpretation or construction of any of these federal laws is in dispute.  See id.  Plaintiff's Complaint also includes allegations that Defendants violated Georgia's theft and bribery statutes.  The allegations regarding both the state and federal violations serve as predicate acts for Plaintiff's Georgia RICO claim.

At issue in this case is not the interpretation of any of the underlying criminal statutes, but the application of these statutes to the facts alleged and to Georgia RICO.  See Adventure Outdoors, 552 F.3d at 1299 (explaining that the presence of a "nearly pure issue of law" is a "crucial factor" in finding a substantial federal question and that jurisdiction is not appropriate in cases involving the "fact-

specific application of rules that come from both federal and state law rather a

context-free inquiry into the meaning of a federal law" (quoting Empire

Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700–01 (2006); Bennett

v. Sw. Airlines Co., 484 F.3d 907, 910 (7th Cir. 2007))); see also Fed. Home Loan

Bank v. Countrywide Sec.Corp., No. 1:11-CV-489-TWT, 2011 WL 1598944, *2

(N.D. Ga. Apr. 22, 2011) (holding that there was not substantial federal question

jurisdiction over a Georgia RICO claim where the case turned on whether the

defendant committed the underlying federal offense, not on an interpretation of the

federal offense); Austin v. Ameriquest Mortgage Co., 510 F. Supp. 2d 1218, 1227

(N.D. Ga. 2007) (explaining that "a plaintiff's allegations of violations of federal

law as predicate acts under a state RICO act is not sufficiently substantial to confer

federal question jurisdiction").[3]  The Court concludes that this case does not

present a "substantial" federal question.

---

[3] Corporate Jet relies on Ayres v. General Motors Corp., 234 F.3d 514 (11th Cir. 2000).  In that case, the plaintiffs asserted a Georgia RICO claim premised on federal mail fraud, which itself was premised on alleged violations of the National Traffic and Motor Vehicle Safety Act ("Safety Act").  234 F.3d at 517.  The court found "substantial" federal question because "resolution of [the] case depend[ed] entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act."  Id. at 518.  Unlike Ayres, this case does not present a pure, dispositive question of law.

### 2.    *Complete Preemption*

"Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). It occurs "if a federal cause of action completely preempts a state cause of action." Dunlap, 381 F.3d at 1290 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24 (1983)). "Federal law should be found to completely preempt state law 'only in statutes with extraordinary' preemptive force.'" Id. at 1291 (quoting Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003)). The Supreme Court and Eleventh Circuit have recognized complete preemption in only three federal statutes: (1) the Labor Management Relations Act (2) the Employee Retirement Income Security Act of 1974, and (3) the National Bank Act. See id. (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7–11 (2003)). Complete preemption applies to those statutes "because all three 'provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Id. (quoting Beneficial, 539 U.S.at 8).

Corporate Jet has not identified any federal cause of action that it contends preempts Plaintiff's claims here.  Corporate Jet argues only that FAA regulations exclusively govern aircraft service facilities and that federal law "occupies the field" of aircraft service facility regulation.  Corporate Jet's arguments are directed toward "ordinary preemption" of Plaintiff's claims, not complete preemption.[4]  The

---

[4] Complete preemption and ordinary preemption are not synonymous, and only the former confers federal question jurisdiction.  See id.  The Eleventh Circuit has explained the difference as follows:

> Preemption is the power of federal law to displace state law substantively.  The federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts, or it may be what has been called "ordinary preemption," providing a substantive defense to a state law action on the basis of federal law.
>
> More specifically, ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint. Such a defense asserts that the state claims have been substantively displaced by federal law.  However, a case may not be removed to federal court on the basis of a federal defense, including that of federal preemption.
>
> Complete preemption, on the other hand, is a doctrine distinct from ordinary preemption. Rather than constituting a defense, it is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims. It looks beyond the complaint to determine if the suit is, in reality, purely a creature of federal law, even if state law would provide a cause of action in the absence of the federal law.  It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts.

Geddes, 321 F.3d at 1352–53 (internal citations and footnote omitted); accord Dunlap, 381 F.3d at 1290 n.8.

Court concludes that Plaintiff's claims are not "completely preempted" by FAA regulations.  The Court further concludes that ordinary preemption does not here convert the state-law claims alleged into claims that are "a creature of federal law."  See Geddes, 321 F.3d at 1353.  They are not.

## III.   CONCLUSION

Having found that Plaintiff's Complaint asserts neither a "substantial" federal question nor "completely preempted" claims, the Court concludes that it lacks subject matter jurisdiction over this matter.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [9] is **GRANTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the Superior Court of Gwinnett County, Georgia.

**SO ORDERED** this 6th day of February, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE